IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL LEE DENNIS | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. PJM-05-2900 |
| REVIEW OF THE MARYLAND PAROLE COMMISSION | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner, a prisoner at the Maryland Correctional Institution in Jessup, filed this 28 U.S.C. § 2241 Petition for writ of habeas corpus on October 21, 2005, seeking review of the June, 2005 decision by the Maryland Parole Commission ("Commission") to issue a retake warrant based upon firearms charges filed against Petitioner. Paper No. 1 at 8.

According to Petitioner, he posted bail on his firearms charges on November 18, 2004, and was out on personal recognizance bail and that the bail also extended to a charge of violating probation. *Id*. He complains that the issuance of the retake warrant by the Commission is against his constitutional and statutory rights and is "keep[ing] me detained on charges I am out on bail for and haven't been found guilty of yet." *Id*.

Petitioner's Motion to Proceed In Forma Pauperis shall be granted. His action shall, however, be dismissed. Petitioner claims that he "has a perfect parole record, **other then these new charges**" (emphasis added). He acknowledges that he has been charged with a new offense while on parole. It is within the discretion of the Commission and its agents to direct the issuance and execution of a retake warrant and take a parolee into custody for violation(s) of the conditions of parole. Plainly, the filing of a criminal indictment or information against a parolee would be

considered a breach of a parole condition and Petitioner does not argue otherwise.[1] The court finds nothing constitutionally violative with regard to the Commission's decision to issue the retake warrant on the basis of the new firearms charges, notwithstanding Petitioner's bail release on those charges.

For the foregoing reasons, the Petition shall be dismissed without requiring service of process on the Respondent. A separate Order follows.

Date:    10/28/05                              /s/
                                       PETER J. MESSITTE
                                       UNITED STATES DISTRICT JUDGE

---

[1] Petitioner does not state that the retake warrant was issued subsequent to the expiration of his sentence, nor does he otherwise argue that it was substantively or technically deficient.